(Surrogate's Court, New York County. December, 1901.)

TRANSFER TAX—APPRAISAL.
    A transfer tax appraiser may hear evidence as to such of decedent's debts as could be enforced against the estate, had payment been resisted by it.

In the matter of the assessment of transfer tax on the estate of Alexander J. Wormser. Case remanded to appraisers.

Hoadly, Lauterbach & Johnson, for executor.
Edward H. Fallows, for comptroller.

FITZGERALD, S. Debts which are allowable as a deduction from the taxable estate are only such as could have been enforced against the estate if payment had been resisted. In re Gould, 19 App. Div. 352, 46 N. Y. Supp. 506. While it has been held in other counties that an appraiser cannot hear evidence in regard to the debts of the deceased, funeral expenses, and expenses of administration, but that deductions therefor must be made by the surrogate (In re Millward's Estate, 6 Misc. Rep. 425, 27 N. Y. Supp. 286; In re Ludlow's Estate, 4 Misc. Rep. 594, 25 N. Y. Supp. 989), it has always been the practice in this county for the appraiser to receive such evidence as might be submitted to him to establish claims for deduction; and his conclusions have been adopted by the court, unless objection was made thereto, or they were palpably improper. This method of procedure has manifest advantages, and I see no reason for changing. In this proceeding practically no

evidence was introduced before the appraiser to sustain the very large deduction made for alleged debts, notwithstanding the assets amounted to more than $800,000, and the allowances reduced the estate below the taxable limit. The matter will be remitted to the appraiser to receive such proof as may be offered as to the deductions claimed.

Decreed accordingly.